IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CASE NO. 3:CR-02-28 |
| v. | : | |
| | : | |
| MARSHALL GALEX, | : | (JUDGE CAPUTO) |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Before me is Motion of Defendant for Release Pending Appeal Pursuant to

Section 3143(b) of the Bail Reform Act of 1984, 18 U.S.C. § 3143(b). (Doc. 157.)

Section 3143(b) provides, in pertinent part, that a person who has been

convicted and sentenced shall be detained unless the ". . . judicial officer finds–

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
> (i) reversal,
> (ii) an order for a new trial
>
>       *   *   *
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence."

18 U.S.C. § 1343(b).

The Defendant does not pose a risk of flight, so the issue is whether the issues he will raise on appeal raise a "substantial question of law or fact likely to result in reversal or "an order for a new trial". *Id*. Those issues are:

> a. The sufficiency of proof of the requisite scienter for the offenses based upon existence of conflicting medical opinion respecting his physical and mental condition, and his reliance upon such opinion.

> b. The propriety of the admission of evidence concerning acts that were outside the applicable limitations period, and that were unduly prejudicial when considered in conjunction with their probative value.

Whether the appeal raises a "substantial" question of law or fact is one which is "either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *U.S. v. Smith,* 793 F.2d 85, 88 (3d Cir. 1986) (quoting *U.S. v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).   The Court rejected the "close question" test in favor of "fairly debatable" as the equivalent of substantial question. *U.S. v. Smith* at  89.

On the first issue at hand, the issue is whether or not there was sufficient evidence for the jury to decide that the Defendant knowingly committed the behavior with which he was charged.  This is the exclusive province of the jury, and is rarely upset by an appellate court.  There is no reason to believe the jury's finding would be upset here for lack of sufficient evidence.

The second issue which Defendant plans to raise on appeal is that the admission of evidence of acts outside the period of limitations were unduly prejudicial when compared with their probative value.  This implicates Rules 403

2

and 404(b) of the Federal Rules of Evidence.   It is my view that the evidence was probative to the mindset of the Defendant.  It was relevant in view of the receipt of monthly checks.   Given the fact the conduct was continuous it was therefore relevant to a common scheme or plan.  F. R. E. 404(b).  *See Rossi v. Standard Roofing Inc.*, 156 F.3d 452, 469-70 (3d Cir. 1998) (where evidence outside of the statute of limitations is relevant to long standing intent).  *See also Keyes v. Sch. Dist. No. 1*, 413 U.S. 189, 207-08 (1973).

The government expert's medical evaluation of Mr. Galex resulting in the conclusion that he was not disabled was based on a review of a video tape of him using a log splitter, as well as a review of his past medical history reflecting that his disability was based upon his subjective complaints.   The former was within the period of limitations; the latter was beyond it.  In my view the evidence beyond the limitation had probative value to the common scheme or plan and that any prejudice was outweighed by the probative value.   Given however the background noted above, and in particular that there were differing opinions on the existence of disability during the period outside the limitations period which were based on Mr. Galex's subjective complaints, it is debatable among "jurists of reason" as to whether Defendant will prevail on appeal and therefore meets the requirements of 18 U.S.C. § 3143(b)(1).  *U.S. v. Smith*, *supra* at 89 (adopting the text from *U.S. v. Handy*, 761 F.2d 1279 (9th Cir. 1985) and quoting *U.S. v. ex rel. Jones v. Richmond*, 245 F. 2d 234 (2nd Cir. ), *cert. denied* 355 U.S. 846, 78 S.Ct. 71 (1957).

**NOW**, THIS 13th DAY OF MARCH, 2007, **IT IS HEREBY ORDERED** that the Motion of Defendant for Release Pending Appeal Pursuant to Section 3143(b) of the Bail Reform Act of 1984, 18 U.S.C. §3143(b) is **GRANTED**.  The Defendant shall remain subject to the same terms and conditions regarding his release as have heretofore existed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge